IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRADY LEE,

      Plaintiff,                        No. CIV S-07-1852 FCD EFB PS

      vs.

JOHN E. POTTER,
POSTMASTER GENERAL U.S.
POSTAL SERVICE,                      FINDINGS AND RECOMMENDATIONS

      Defendant.
_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On November 1, 2007, the court granted plaintiff's application to proceed *in forma pauperis*, and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915. Plaintiff filed an amended complaint, which the court now recommends be dismissed for failure to state a claim.

       Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the
3  Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain
4  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant
5  fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*
6  *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41
7  (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires
8  more than labels and conclusions, and a formulaic recitation of a cause of action's elements will
9  not do.  Factual allegations must be enough to raise a right to relief above the speculative level
10 on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

11  In addition to satisfying the requirements of Rule 8(a)(2), a complaint must include the
12 grounds upon which the court's jurisdiction rests and a demand for relief.   Fed. R. Civ. P. 8(a).

13  Plaintiff has amended his complaint to include a jurisdictional basis for his claims.  He
14 alleges claims for retaliation under "Title VII, 42 U.S.C."  Plaintiff alleges that his supervisor
15 harassed him "by closing the door on [him] and locking him out of the facility," and that "this
16 harassment is in retaliation for an earlier EEO."  Plaintiff does not explain what he means by "an
17 earlier EEO,"  but assuming he means a grievance filed with the Equal Employment Opportunity
18 Commission, he does not identify the date it was filed, the conduct it concerned, or whom the
19 grievance was directed toward.  Such vague allegations are insufficient to give defendant notice
20 of what plaintiff's claim is and the grounds upon which it rests.

21  Even liberally construing the amended complaint as alleging a claim for retaliation under
22 Title VII of the Civil Rights Act of 1964, plaintiff fails to state a claim for other reasons.  42
23 U.S.C. § 2000e-3(a).

24  In order to state a claim of retaliation, the plaintiff must allege that (1) he was engaged in
25 protected activity, (2) he suffered an adverse employment decision, and (3) there is a causal link
26 between the activity and the employment action.  *Folkerson v. Circus Circus Enters*., 107 F.3d

754, 755 (9th Cir. 1997).  Here, plaintiff has not identified an adverse employment action.

"[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).  Not every employment decision amounts to an adverse employment action, and "only non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citing *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998)) (holding that "badmouthing" an employee outside the job reference context does not constitute an adverse employment action).

Here, plaintiff does not allege any employment action such as denial of a promotion, a demotion, or even a poor performance review.  Rather, he merely alleges that his supervisor shut the door on him and that he suffered embarrassment and distress as a result.  Thus, even assuming plaintiff had sufficiently alleged his engagement in a protected activity, he has failed to allege an adverse employment action.  *See Schlosser v. Potter*, No.05-35868, 2007 U.S. App. LEXIS 22764, AT *11-13 (9th Cir. Sept. 21, 2007) (affirming dismissal for failure to state a claim for retaliation where plaintiff alleged supervisors and others made "hang up" phone calls to him)).

Despite notice and an opportunity to amend, plaintiff has failed to state a claim for retaliation.  The court cautioned plaintiff that failure to file an amended complaint that corrected the deficiencies of the original complaint would result in a recommendation that the action be dismissed.

In accordance with the foregoing, IT IS RECOMMENDED that:

1. The amended complaint be dismissed without further leave to amend; and,

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten (10) days after service of the objections.  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
7  951 F.2d 1153, 1157 (9th Cir. 1991).
8  DATED:  March 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4